UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **TRAMAINE ALSTON, ET AL** § | | **CIVIL ACTION NO._____** |
| *Plaintiffs* § | | |
| vs. § | | **JURY DEMANDED** |
| § | | |
| **DEBUSK SERVICES GROUP LLC** § | | |
| *Defendant* § | | |
| § | | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

I.   SUMMARY

1.   Plaintiffs, Tramaine Alston, Christopher Barnes, Joseph Brinkley, Terry Bryant, Joseph Castille, Marcus Devance, Xavier Moore, Jeffery Noble, Darrin Thomas, Robert Smith, David Webb and Myron Wiggins bring this action against Defendant, Debusk Services Group LLC for failing to pay overtime wages as required by the Fair Labor Standards Act (FLSA). *See* 29 U.S.C. § 201, *et seq.,* and wages pursuant to the Texas Labor Code and Texas Payday Law.

II.   THE PARTIES, JURISDICTION AND VENUE

2.   Plaintiffs are current and former employees of Defendant and reside in Brazoria County, Texas, and adjacent counties in the Southern District of Texas.

3.   Defendant has an office and does business in the Southern District of Texas, Galveston Division. Defendant can be served through its registered agent, Andrew Debusk at 10910 Spencer Highway, Suite D-E, LaPorte, Texas, 77571.

4.   This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the action involves a federal question under the FLSA.

5.   Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 (b) & (c) because Defendant resides and does business in Texas and is subject to personal jurisdiction in Texas.

III.     THE FACTS

6. Defendant specializes in industrial cleaning services. Its employees handle a wide variety of goods and/or services that have moved in interstate commerce.

7. Defendant's annual gross revenue exceeds $500,000.00.

8. Plaintiffs were employed by Defendant within the past three (3) years from the date of this filing. Plaintiffs were paid on an hourly basis in various positions including, but not limited to technicians and operators.

9. Plaintiffs regularly worked in excess of forty (40) hours per week.

10. During their employment with Defendant, Plaintiffs worked numerous extensive hours and performed integral and indispensable duties for which they were not paid during the "continuous workday" including, but not limited to, retrieving and transporting their personal protection equipment to worksites from Defendant's service yard, driving and transporting Defendant's vehicles, tools, equipment and supplies to and from the Defendant's service yard and worksites, traveling to and from the Defendant's service yard and worksites, receiving instructions for the day's activities and duties upon arrival at the Defendant's service yard for the workday, preparing the tools, equipment and supplies for the day's duties at the worksites' "lay-down yards", loading and unloading tools, equipment and supplies at the beginning and end of the workday, fueling the vehicles for the next day's activities, and cleaning out and removing debris from Defendant's vehicles at the end of the workday.

11. The above described duties were for the benefit of the Defendant and Plaintiffs were required to perform them "off the clock". Moreover, said duties were all a part of Plaintiffs' "continuous workday". Thus, Plaintiffs were not properly paid for all hours worked. In this connection, Plaintiffs were required to report to the Defendant's service yard and begin

performing the above-described duties during their daily shifts, approximately, and at least, one (1) hour to (1.50) hours *prior* to the time Defendant begin paying them their hourly wages. See Exhibit A attached hereto. Furthermore, Plaintiffs routinely arrived even earlier then the required time to begin their daily work duties. Defendant was well aware that Plaintiffs routinely arrived early to begin their daily work duties. Plaintiffs could be disciplined or terminated if they failed to report to the service yard at the time stated above. Additionally, the Plaintiffs were not allowed by Defendant to drive their personal vehicles to the worksites. Particularly, with regard to Plaintiffs' required travel in Defendant's vehicles *after* the required attendance at Defendant's service yard at the start of their workday as described above, 29 C.F.R. § 785.38 states in part that said travel is compensable work time:

> Travel That Is All In A Day's Work:
> "Where an employee is required to report at a meeting place to receive instructions or to perform other work there, or to pick up and to carry tools, the travel from the designated place to the work place is part of the day's work, and must be counted as hours worked regardless of contract, custom, or practice." *Id.*

12. Furthermore, Plaintiffs continued to perform the above-described duties "off the clock" *after* the time Defendant ceased paying them their hourly wages. In this regard, Plaintiffs would continue to perform the above-described duties for approximately thirty (30) minutes to one (1) hour or more per day of their shifts after Defendant cease paying Plaintiffs their hourly wages.

13. Notwithstanding the foregoing, Defendant's company policy automatically deducted thirty (30) minutes of time per day from Plaintiffs' pay for an alleged meal period. However, on numerous occasions, Plaintiffs continued to work during this time and were not completely relieved of their duties. Plaintiffs are entitled to receive compensation from Defendant for the numerous illegal and inappropriately deducted meal periods.

14. Defendant did not pay Plaintiffs overtime wages for the hours they worked in excess of

forty (40) in a workweek although it was legally required to do so under the FLSA.

### IV. CAUSE OF ACTION

15. Plaintiffs incorporate the preceding paragraphs by reference. Defendant did not pay Plaintiffs the legally required overtime wages for all hours in excess of forty (40) in a workweek. In this regard, the Defendant acted willfully or with reckless disregard as to whether its pay practices complied with the FLSA.

16. The FLSA requires an employer to pay its employees at no less than one-and-one-half times their regular rates for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207.

17. Defendants' willful failure to pay Plaintiffs overtime wages for the weeks in which they worked in excess of forty (40) hours violated the FLSA.

18. Defendant is liable to Plaintiffs for unpaid overtime wages.

19. Defendant is liable to Plaintiffs for an equal amount of their unpaid overtime wages as liquidated damages.

20. Plaintiffs are also entitled to recover all reasonable attorney's fees and costs incurred in this action. 29 U.S.C. § 216(b).

21. Defendant is liable to Plaintiffs for unpaid wages pursuant to the Texas Labor Code and the Texas Payday Law.

### V. JURY DEMAND

22. Plaintiffs demand a trial by jury.

### VI. PRAYER

Plaintiffs respectfully request judgment in their favor awarding:

23. Wages and unpaid overtime wages for each hour worked in excess of forty (40) in a

workweek;

24. An equal amount as liquidated damages;

25. Reasonable attorney's fees, costs and litigation expenses;

26. Post-judgment interest at the highest rate allowed by law; and

27. Such other and further relief as may be permitted or required by law.

Respectfully submitted,

By: /s/ Clark Woodson III
　　CLARK WOODSON III
　　601 East Myrtle
　　Angleton, Texas  77515
　　(979) 849-6080
　　State Bar No. 00794880
　　S.D. Tex. No. 21481
　　**Attorney for Plaintiffs**